ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
THOMAS D. COKER (Cal. Bar No. 136820)
Assistant United States Attorney
Room 7211 Federal Building
300 N. Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2454
Facsimile: (213) 894-0115
E-mail:  THOMAS.COKER@USDOJ.GOV

SARAH T. MAYHEW (N.Y. Bar No. 2027787)
United States Department of Justice, Tax Division
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1929
Facsimile: (202) 514-5238
Email:  SARAH.T.MAYHEW@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 8:14-cv-18 DOC-ANx |
| Plaintiff, ) | |
| ) | **RESPONSE OF UNITED STATES OF AMERICA AND REQUEST FOR DISCHARGE OF ORDER TO SHOW CAUSE** |
| v. ) | |
| RAYMOND G. NOVELLI, ) | |
| Defendant. ) | **[No Hearing Required]** |

The United States of America, plaintiff in the above-captioned action seeking to

reduce assessed taxes to judgment, in response to the Order To Show Cause Why This Case

1  Should Not Be Dismissed For Lack Of Prosecution, docketed on April 4, 2014, as Docket Entry

2  No. 5, respectfully reports on the activity undertaken in this case to date and requests that the

3  Order to Show Cause be discharged for good cause for the following reasons.

4        Defendant Raymond G. Novelli ("Novelli") accrued substantial tax liabilities for

5  both personal income taxes and for Trust Fund Recovery Penalties[1] in his position as a

6  responsible person of numerous corporations involved in the travel and leisure industry,

7  particularly involving "campgrounds" designed to attract motorized recreational vehicles. In an

8  earlier case before this Court (Docket No. 8:04-cv-00155-DOC-MLG), the United States

9  successfully reduced assessments to judgment for unpaid income taxes and for Trust Fund

10  Recovery Penalties assessed against Novelli for quarterly periods prior to September 30, 2001.

11  In the current case, the United States seeks to reduce to judgment additional unpaid Trust Fund

12  Recovery Penalties assessed against Raymond Novelli, described in more detail in the complaint.

13        At some point after the United States executed the judgment obtained in the 2004

14  case against Novelli's home in Newport Beach, California (*see* Docket Entry No. 142), it appears

---

[1]    Sections 3102(a) and 3402(a) of the Internal Revenue Code (26 U.S.C.) require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. Slodov v. United States, 436 U.S. 238, 242-43, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). Employers are also required to pay over their own contributions to the social security system. See 26 U.S.C. § 3111. The portion of the taxes that are withheld from the employee's wages, or "trust fund taxes," are for the exclusive use of the United States and are not to be used as working capital for the business or to pay the employer's business expenses, including payroll. 26 U.S.C. §§ 3102(b), 3403, 7501(a); see also Begier v. Internal Revenue Service, 496 U.S. 53, 60-61 (1990) (stating that the act giving rise to tax liability, e.g., payment of wages, gives rise to a statutory trust in favor of the United States).

   Section 6672 of the Internal Revenue Code provides for the assessment of a Trust Fund Recovery Penalty, equal to the amount of unpaid trust fund taxes, against any person required to collect, truthfully account for, or pay over the employment taxes, who, in that capacity, willfully failed to collect, truthfully account for, or pay over the trust fund taxes.

1  that Novelli moved to Mexico, where he had previously maintained a vacation home.  A public
2  records search did not locate a current residence for Novelli in the United States, but did contain
3  multiple references to Novelli's activities in Mexico.  Accordingly, the summons in this case was
4  issued with an address for defendant Novelli in Mexico.
5       On April 7, 2014, the United States sent to the Mexican Ministry of Foreign
6  Affairs a Request for Judicial Assistance, pursuant to the Hague Convention on the Service
7  Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (Hague
8  Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638,. *reprinted in* 28 U.S.C.A. *following*
9  Fed.R.Civ.P. 4.  The Request for Judicial Assistance was translated into Spanish, and included
10 multiple copies of the summons and the complaint, also translated into Spanish.
11      Service of the summons is governed by Rule 4 of the Federal Rules of Civil
12 Procedure.  Pursuant to Rule 4(f)(1), an individual may be served in a foreign country "by any
13 internationally agreed means of service that is reasonably calculated to give notice such as those
14 authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial
15 Documents,"  When a defendant is served in a country that is a signatory to the Hague Service
16 Convention, compliance with its requirements is mandatory. *See Volkswagenwerk*
17 *Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988); *see also, Brockmeyer v. May*, 383 F.3d
18 798, 801 (9th Cir. 2004)(describing the process of effecting service pursuant to the Hague Service
19 Convention).  Both the United States and Mexico are signatories to the Hague Convention.
20      Mexico does not permit service of the summons via mail.  *OGM, Inc. v. Televisa,*
21 *S.A.,* 2009 WL 1025971 *3 (C.D. Cal. April 15, 2009).  Accordingly, the United States prepared
22 a Request for Judicial Assistance pursuant to the Hague Service Convention and submitted it to
23 the Mexican Foreign Ministry, the office that is registered as the "Central Authority" under the

Hague Service Convention. We have not yet received a response from the Mexican authorities. Article 15 of the Hague Service Convention provides that a party must wait for "a period of time of not less than six months" after submission of the Request for Judicial Assistance before petitioning this Court for permission to use an alternate means of service. Hague Service Convention, Art. 15.

Although a summons must be served on a defendant in the United States within 120 days after the complaint is filed, there is an express exception to the 120-day requirement for service in a foreign country. *See* Rule 4(m); *Lucas v. Natoli,* 936 F.2d 432, 432-33 (9th Cir. 1991) ("This [requirement] does not apply to service in a foreign country ....")(referring to Rule 4(j), now renumbered 4(m)). Accordingly, we request that the Court set this case for a status report on or about November 7, 2014, which will be seven months from submission of the Request for Judicial Assistance to the Mexican Central Authority. By that date, we will be certain whether the Mexican Authorities were able to serve Novelli or whether we will be seeking permission to pursue alternate means of service.

4

We further request that the request that the Court discharge the Order to Show Cause for good cause for the reasons asserted in this response.

Dated:  05/02/2014

                                          Respectfully submitted,

                                          ANDRÉ BIROTTE, JR.
                                          United States Attorney

                                          SANDRA R. BROWN
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          */s/ Sarah T. Mayhew*

                                          SARAH T. MAYHEW
                                          Trial Attorney,
                                          Department of Justice, Tax Division
                                          THOMAS D. COKER
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA